UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HIGH POINT WATER SUPPLY CORPORATION, a Texas water supply corporation; and HIGH POINT SPECIAL UTILITY DISTRICT, a political subdivision in the State of Texas,<br><br>*Plaintiffs,*<br><br>vs.<br><br>PETER LAKE, WILL MCADAMS, LORI COBOS, JIMMY GLOTFELTY and KATHLEEN JACKSON in their official capacities as Commissioners of the PUBLIC UTILITY COMMISSION OF TEXAS; THOMAS GLEESON, in his official capacity as Executive Director of the PUBLIC UTILITY COMMISSION OF TEXAS,<br><br>*Defendants.* | Civil Action No.: 1:23-cv-00013<br><br>Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW High Point Water Supply Corporation ("High Point WSC") and High Point Special Utility District ("High Point SUD") (collectively "Plaintiffs" or "High Point"), and for their Original Complaint against Defendants Peter Lake, Will McAdams, Lori Cobos, Jimmy Glotfelty, and Kathleen Jackson in their official capacities as Commissioners of the Public Utility Commission of Texas ("Commissioners"); Thomas Gleeson, in his official capacity as Executive Director of the Public Utility Commission of Texas ("Gleeson") (collectively "PUCT Defendants"); and respectfully states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b) ("§ 1926(b)"), 42 U.S.C. § 1983,

("§ 1983") and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause. This Court has jurisdiction over High Point's claims for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), because at least one Defendant resides in this judicial district, and a substantial part of the events giving rise to High Point's claims occurred, and continue to occur, in this judicial district.

## PARTIES

3. High Point WSC is a Texas water supply corporation formed pursuant to Texas Water Code Chapter 67. High Point WSC is currently in the process of converting the entity from a water supply corporation to a special utility district per Texas Water Code § 65.014. Attached is the Texas Commission on Environmental Quality's Order Granting High Point's Conversion (**Exhibit A**) and High Point SUD's Order Canvassing Returns and Declaring Results of Confirmation and Directors Election (**Exhibit B**). Plaintiffs bring this lawsuit against Defendants together during the pendency of the entity conversion and may remove one of the plaintiff entities after the assets of High Point WSC, specifically Certificate for Convenience and Necessity ("CCN") No. 10841 and an existing loan from the United States Department of Agriculture ("USDA") loan, are transferred to High Point SUD. High Point SUD is also included as a plaintiff in this case as a necessary party per Federal Rule of Civil Procedure 19 given that High Point SUD will soon own CCN No. 10841 and the USDA loan pertinent to this lawsuit.

4. High Point is an "association" as that term is used in 7 U.S.C. § 1926(a) and

furnishes retail public water utility service to areas in Kaufman and Rockwall Counties, pursuant to its CCN No. 10841. Thus, High Point is the exclusive retail water provider within its CCN territory. *See* Tex. Water Code § 13.242(b).

5.   High Point is indebted to the USDA, which qualifies High Point for the protections afforded by § 1926(b). High Point holds a federal right to be the exclusive water service provider within any area for which High Point has (1) adequate facilities nearby to provide water service to the area within a reasonable time after a request for service is made and (2) the legal right to provide water service. *See Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 465 (5th Cir. 2020) ("We hold that a utility has 'provided or made available' service if it (1) has adequate facilities to provide service to the relevant area within a reasonable time after a request for service is made and (2) has the legal right to provide service."). This includes the land described in the Petition for Expedited Release filed by Tellus-Mann LLC ("Tellus") with the PUCT in Docket 54206.

6.   High Point moves the District Court to take judicial notice, per Federal Rule of Evidence 201, of the Petition for Expedited Release filed by Tellus pursuant to Texas Water Code § 13.2541, and all other matters filed in said action pending before the PUCT in Docket 54206.

7.   The Commissioners are commissioners for the PUCT. The Commissioners are named as Defendants solely in their official capacities as commissioners of the PUCT within the contemplation of *Ex Parte Young*, 209 U.S. 123 (1908). The Commissioners are charged with the primary responsibility for implementing or enforcing state laws relating to the use and conservation of natural resources, environmental protection, and water service. The

Commissioners may be served with process by serving each at the William B. Travis Building, 1701 N. Congress Ave. 7th Floor, Austin, Texas 78701.

8. Defendant Gleeson, in his official capacity as Executive Director of the PUCT, is named as a Defendant solely with respect to his official capacity as Executive Director of the PUCT within the contemplation of *Ex Parte Young*. Defendant Gleeson may be served with process at the William B. Travis Building, 1701 N. Congress Ave. 7th Floor, Austin, Texas 78701.

## DEFENDANTS' VIOLATIONS OF § 1926(b)

9. The Commissioners routinely disregard the federal protections afforded to entities indebted to the USDA under § 1926(b). On March 27, 2019, this Court issued judgment against predecessor Commissioners of the PUCT:

> The court **ORDERS AND DECLARES:**
>
> PUCT Officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase ILLC*, Docket No. 46148 was entered in violation of 7 U.S.C. § 1926(b) and is void.
>
> **7 U.S.C. § 1926 preempts and voids the following section of Tex. Water Code § 13.254(a-6)[1]:** "The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."
>
> **To the extent that Tex. Water Code § 13.254(a-5) directs PUCT Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), the statute is preempted and is void.**

*Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777, at

---

[1] Tex. Water Code § 13.254 has been renumbered as § 13.2541.

Plaintiffs' Original Complaint                                                                      4

*2 (W.D. Tex. Mar. 27, 2019) (emphasis added). This ruling by the District Court was later vacated and remanded by the Fifth Circuit for reconsideration in light of *Green Valley*. However, the reasoning and analysis in *Crystal Clear* remain persuasive.

10. The District Court entered the following Orders and Declarations in *Crystal Clear:*

> The court **ORDERS AND DECLARES:**
>
> (1) PUCT Officials' Final Order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, *Petition of Las Colinas San Marcos Phase ILLC*, Docket No. 46148 **was entered in violation of 7 U.S.C. § 1926(b)** and is void.
>
> (2) **7 U.S.C. § 1926 preempts and voids** the following section of Tex. Water Code § 13.254(a-6): "The utility commission may not deny a petition received under Subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."
>
> (3) To the extent that Tex. Water Code § 13.254(a-5) directs PUCT Officials to grant a petition for decertification that meets the requirements of that provision without regard to whether the utility holding the certification is federally indebted and otherwise entitled to the protections of 7 U.S.C. § 1926(b), **the statute is preempted and is void.**
>
> **IT IS FURTHER ORDERED** that the PUCT, its officers, employees, and agents **are permanently enjoined** from enforcing in any manner the order of September 28, 2016, in the matter titled Tex. Pub. Util. Comm'n, Petition of Las Colinas San Marcos Phase I LLC, Docket No. 46148 (Final Order).

*Crystal Clear*, 2019 WL 2453777 at *2 (emphasis added).11. More recently, on July 13, 2022, U.S. Magistrate Judge Susan Hightower held:

> In *Crystal Clear*, 316 F. Supp. 3d at 975, the Court held that § 13.2541(d) was preempted because there was a "direct conflict" between federal and state law. The Court reasoned that the law "prevents the PUC from considering a certificate of convenience and necessity holder's federally indebted status," and therefore "the PUC is also precluded from applying § 1926(b)'s protections." *Id.* The Court further reasoned that § 13.2541(d) was an obstacle to accomplishing the purpose of § 1926(b) because it prevented § 1926(b) from offering protection "in the very proceeding where this protection applies." *Id.* at 976.

> Under the federal standard (the physical ability test), an entity that has adequate facilities to provide service within a reasonable time and the legal right to provide service is entitled to § 1926(b) protections. Section 13.2541 prohibits the PUC from denying decertification petitions "based on the fact that the certificate holder is a borrower under a federal loan program." TEX. WATER CODE § 13.2541(d). When a property is eligible for decertification under § 13.2541(b) because it "is not receiving water or sewer service," the certificate holder will not be afforded § 1926(b)'s protections even if it is able to provide water service within a reasonable amount of time. These provisions are in conflict because, in some circumstances, it is "physically impossible" for the PUC to comply with both § 1926(b) and § 13.2541(d) at the same time. *Crystal Clear*, 316 F. Supp. 3d at 975.

*Dobbin Plantersville Water Supply Corp. v. Lake*, No. 1:21-CV-00612-RP, 2022 WL 2718985, at *8 (W.D. Tex. July 13, 2022), *report and recommendation adopted,* No. 1:21-CV-612-RP, 2022 WL 5568377 (W.D. Tex. Aug. 4, 2022).

11.     The Commissioners persistently disregard § 1926(b) protections afforded to qualifying associations, including High Point. Despite being adequately warned in *Crystal Clear*, the Commissioners continue to disregard federal law and consider actions filed under Tex. Water Code § 13.2541, even though § 13.2541 is unlawful and unenforceable because it is preempted by § 1926(b). Once the protections of § 1926(b) have attached, removal of territory from a USDA indebted water supply corporation is barred by § 1926(b) even if fair market value is paid for the territory sought to be released. *See City of Madison, Miss. v. Bear Creek Water Ass'n, Inc.*, 816 F.2d 1057, 1060 (5th Cir. 1987) ("Even if fair value is paid for the lost facilities, such an action would inevitably have an adverse effect on the remaining customers of Bear Creek, in the form of lost economies of scale and resulting higher per-user costs."); *see also Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 716 (10th Cir. 2004) ("There is thus preemption of any local or state law that purports to take away from an indebted rural water association any territory for which the association is entitled to invoke the protection

of § 1926(b).").

12. On October 13, 2022, Tellus filed, its Petition for Expedited Release with the PUCT (Docket No. 54206) seeking decertification of land within High Point's CCN No. 10841 under Tex. Water Code § 13.2541 ("Decertification Petition"). The Decertification Petition seeks to release part of High Point's CCN and if granted by the PUCT Defendants, would interfere with High Point's federal rights. Accordingly, any action decertifying High Point's CCN per the Decertification Petition violates § 1926(b). *See Green Valley Special Util. Dist. v. Walker*, 351 F. Supp. 3d 992, 1006 (W.D. Tex. 2018), *aff'd in part, vacated in part, remanded sub nom. Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460 (5th Cir. 2020) ("Additionally, the Court grants summary judgment in favor of Green Valley on Green Valley's § 1983 claims and concludes the decertification of the GVDC Tract and Schertz Acreage violated Green Valley's exclusive right to provide service under § 1926(b).")

13. Tellus has asked the PUCT Defendants to remove High Point's federally protected territory from High Point's CCN for which High Point has made water service available. Such removal of territory would reduce the customer pool for High Point within High Point's protected service area.

> Indeed, the type of encroachment contemplated by § 1926(b) is not limited to the traditional guise of an annexation followed by the city's initiation of water service. **It also encompasses other forms of direct action that effectively reduce a water district's customer pool within its protected area.** *See id*. at 716 [*McAlester's Pittsburg Cty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 716 (10th Cir. 2004)] ("[T]he question becomes whether McAlester's sales to customers . . . purport to take away from Pitt 7's § 1926 protected sales territory.").

*Rural Water Dist. No. 4, Douglas Cty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 985 (10th Cir. 2011) (emphasis added).

14. The PUCT Defendants knew or should have known that § 13.2541 is unconstitutional and unenforceable because it is preempted by § 1926(b).

15. Despite the foregoing, the PUCT Defendants refuse to dismiss the Tellus Petition for Expedited Release and the Commissioners are actively considering the Petition in violation of § 1926(b).

16. High Point is indebted on at least one loan made by the USDA. (the "Loan"). The Loan qualifies the borrower (High Point) for § 1926(b) protection. The Loan made to High Point was within the contemplation of § 1926(b). *See El Oso Water Supply Corp. v. City of Karnes City, Tex.*, No. SA-10-CA-0819-OLG, 2011 WL 9155609, at *5 (W.D. Tex. Aug. 30, 2011), report and recommendation adopted, No. CIV. SA-10-CA-819-OG, 2012 WL 4483877 (W.D. Tex. Mar. 19, 2012), judgment entered, No. SA10CA0819-OG, 2012 WL 4747680 (W.D. Tex. Apr. 11, 2012) ("In affording a water utility the protection of § 1926(b), federal courts have identified three requirements that a water utility must establish: (1) that the utility is an 'association' within the meaning of § 1926; (2) that the utility has a qualifying federal loan outstanding; and (3) that the utility 'provided or made [service] available' to the disputed area...").

17. The Decertification Petition admits and affirmatively alleges that the property for which release is sought is within CCN 10841, granted to High Point by the State of Texas.

18. High Point is entitled to § 1926(b) protection because (1) High Point is an association within the meaning of § 1926(a); (2) High Point has the legal right and duty under CCN 10841 to provide water service to the properties described in Tellus's Petition for Expedited Release; (3) High Point is indebted on the Loan made by the USDA; and (4) High

Point has "made service available" because of its nearby facilities/infrastructure (facilities on/within or immediately adjacent to the properties described in the Expedited Release Petition) and High Point's physical ability to provide water service immediately or within a reasonable period of time to said properties following a request for service. Specifically, High Point has (1) adequate facilities to provide water service to the areas specified in the Petition within a reasonable time after a request for service is made; and (2) the legal right to provide water service. *Green Valley*, 969 F.3d at 477.

19. High Point's "territory" for which High Point has the *legal right* and duty under its CCN 10841 to provide water service under Texas law, includes land identified in the Petition for Expedited Release. This legal right cannot be diminished or altered once High Point becomes indebted on a loan made by the USDA.

> In addition to these principles defining the protection § 1926(b) affords rural water districts from competition, *state law cannot change the service area to which the protection applies, after that federal protection has attached*. For instance, "where the federal § 1926 protections have attached, § 1926 preempts local or state law that can be used to justify a municipality's encroachment upon disputed area in which an indebted association is legally providing service under state law.

*Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 344 F. App'x 462, 465 (10th Cir. 2009), *certified question answered sub nom. Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cty., Oklahoma v. City of Guthrie*, 2010 OK 51, 253 P.3d 38 (emphasis added) (internal citations omitted).

20. The PUCT Defendants may not diminish or alter High Point's territory through the Decertification Petition, and granting the Decertification Petition would violate, and is prohibited by, § 1926(b).

21. Any doubts whether High Point is entitled to the protections of § 1926(b) must be

resolved in High Point's favor. High Point's territory is sacrosanct.

> In order to achieve both of these stated purposes, **"[d]oubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the F[M]HA-indebted party seeking protection for its territory**." *Sequoyah Cnty. Rural Water Dist. No. 7*, 191 F.3d at 1197 (*citing* ***North Alamo Water Supply Corp.*,** 90 F.3d at 913³ *and **Jennings Water, Inc.,*** 895 F.2d at 315 (citing five federal courts which have held that § 1926 should be liberally interpreted to protect FmHA-indebted rural water associations from municipal encroachment)).
>
> In addition to interpreting § 1926(b) broadly to "indicate a congressional mandate" that local governments not encroach upon the services provided by federally indebted water associations, regardless of the method of encroachment, **the Fifth Circuit has gone so far as to designate "the service area of a federally indebted water association" as "sacrosanct", emphasizing the virtually unassailable right of an indebted association to protection from municipal encroachment.** *North Alamo Water Supply Corp.,* 90 F.3d at 915; *see also Bear Creek Water Ass'n, Inc.,* 816 F.2d at 1059 (affirming that one dollar of debt would be enough to afford the statute's protection because Congress "literally proscribed interference by competing facilities ... 'during the term of said loan'").

*El Oso Water Supply Corp.,* 2011 WL 9155609, at *5.

## Count 1
### Violation of 42 U.S.C. § 1983 and 7 U.S.C. § 1926(b) at Equity²

22.     High Point incorporates all allegations in paragraphs 1–21 above.

23.     High Point seeks only prospective injunctive relief against the Commissioners. "To ensure the enforcement of federal law … the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Pzifer, Inc. v. Texas Health & Human Servs. Comm'n*, No. 1:16-CV-1228-LY, 2017 WL 11068849, at

---

² "Birchfield stands as no obstacle to having this case proceed against the PUC Officials, because Green Valley has a cause of action against them at equity, regardless of whether it can invoke § 1983.27 Because, as we discussed above, Green Valley has satisfied Young's requirements, its suit for injunctive relief against the PUC Officials may go forward." *Green Valley Special Util. Dist. v. City of Schertz, Texas,* 969 F.3d 460, 475 (5th Cir. 2020).

*2 (W.D. Tex. Sept. 29, 2017) (quoting *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008); s*ee also Green Valley*, 969 F.3d at 471 ("And second, the *Ex Parte Young* exception 'permits suits for prospective ... relief against state officials acting in violation of federal law.'").

24. In order to state a cause of action under 42 U.S.C. § 1983, High Point must allege only that some person has threatened to deprive or has deprived it of a federal right and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

25. High Point has a federal right under § 1926(b) to be protected from any curtailment or limitation of its right to sell water within its CCN territory.

26. Actions and threatened actions of the PUCT Defendants constitute an attempt to deprive High Point of its § 1926(b) federal rights.

27. The actions of the PUCT Defendants are conducted under color of state law by their statutory power to release land situated within the boundaries of High Point's CCN. Again, this is attempting to release land for which High Point has made water service available (as "made water service available" is defined in *Green Valley* and in other circuit courts). The PUCT Defendants' actions are *after* High Point became indebted on a loan that qualified High Point for § 1926(b) protection.

28. High Point suffered or is in immediate jeopardy of suffering loss and damage because of the wrongful acts of the PUCT Defendants in connection with the Decertification Petition.

29. High Point is a proper party plaintiff for a claim presented under 42 U.S.C. § 1983,

and the Defendants Commissioners and Gleeson are also proper parties, despite the decision in *City of Safety Harbor v. Birchfield*, 529 F.2d 1251 (5th Cir. 1976).[3] *Birchfield* has been implicitly overruled by *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 475 n.26 (5th Cir. 2020) (noting that although the Court has not yet "formally overruled *Birchfield*… one of the rationales undergirding it has been abrogated"). Moreover, *Birchfield* has been implicitly overruled by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiffs are enforcing their federal *statutory* rights here, not constitutional rights. In addition, even if *Birchfield* remains operative, which High Point denies, High Point has a cause of action against the PUCT Defendants in equity under § 1926(b). *Green Valley,* 969 F.3dat 475. ("Ultimately, however, we need not decide whether to pull the PUCT Officials back from the precipice. *Birchfield* stands as no obstacle to having this case proceed against the PUCT Officials, because Green Valley has a cause of action against them at equity, regardless of whether it can invoke § 1983.").

## Count 2
### Declaratory Judgment – 7 U.S.C. § 1926(b)

30. High Point incorporates by reference all allegations in paragraphs 1–29 above.

31. This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2202 seeking a declaration of the rights and other legal relations of the Parties under § 1926(b).

32. There exists an actual case or controversy between High Point and Defendants

---

[3] *See Green Valley Special Util. Dist. v. City of Schertz, Texas,* 969 F.3d 460, 475 (5th Cir. 2020) ("Birchfield stands as no obstacle to having this case proceed against the PUC Officials, because Green Valley has a cause of action against them at equity, regardless of whether it can invoke § 1983.27 Because, as we discussed above, Green Valley has satisfied Young's requirements, its suit for injunctive relief against the PUC Officials may go forward.").

concerning the PUCT's authority to release a portion of High Point's CCN No. 10841, namely to remove the land described in the Petition for Expedited Release from High Point's service area (its CCN) to allow Tellus to obtain water service from another competitive entity. Water sales by a neighboring municipality or other entity formed to provide water service to the land described in the Decertification Petition is prohibited by § 1926(b). The Decertification Petition itself is directly prohibited and is contemplated/intended to negatively affect High Point's rights under § 1926(b) to be the exclusive water service provider to the land specified in the Decertification Petition.

33. Section 1926(b) prohibits release or removal of any portion of High Point's CCN if the release would (1) function to limit or curtail the water service provided or made available by High Point, (2) allow competition within High Point's CCN, (3) function to impair the collateral pledged to secure the Loan, (4) deprive the USDA of its rights in the collateral, or (5) deprive the rights enjoyed by High Point's customers including an economy of scale which functions to reduce the per-user cost of water. Release of High Point's territory/CCN is prohibited under the Fifth Circuit's "bright-line" rule. *City of Madison,* 816 F.2d at 1059 (endorsing a "bright-line" rule which categorically prohibits encroachment in a federally indebted rural water provider's territory). The threatened decertification violates High Point's § 1926(b) rights and any order issued by the PUCT Defendants shall be null, and unenforceable and given no force or effect. *Green Valley*, 969 F.3d at 473 (holding that special utility district's request for declaratory relief against PUCT's "continuing conduct" and to prohibit "the PUC Officials' grant of relief" was properly construed as "prospective relief . . . not barred by the Eleventh Amendment"). High Point is obligated to initiate this action to prevent violations of

§ 1926(b), pursuant to 7 C.F.R. § 1782.14(b).

34. The statutory language in Texas Water Code § 13.2541(d), previously numbered as § 13.254(a-6), states in pertinent part: "The utility commission may not deny a petition based on the fact that a certificate holder is a borrower under a federal loan program." Tex. Water Code § 13.2541(d). This statutory language is unlawful and unenforceable because it violates the Supremacy Clause. The PUCT Defendants were parties to *Crystal Clear* and were provided specific notice that the PUCT had no choice but to recognize and obey federal law. *Crystal Clear*, 2019 WL 2453777 at *5.

35. Regardless of whether the Texas Water Code explicitly directs the PUCT to disregard the provisions of § 1926(b), the PUCT has no choice in the matter, as the Constitution compels it to consider and comply with applicable federal law. *See Crystal Clear Spec. Util. Dist. v. Walker*, No. A-17-CV-00254-LY, 2018 WL 6242370, at *4 (W.D. Tex. Nov. 29, 2018), *report and recommendation adopted as modified sub nom. Crystal Clear Special Util. Dist. v. Walker*, No. 1:17-CV-254-LY, 2019 WL 2453777 (W.D. Tex. Mar. 27, 2019).

36. Texas Water Code § 13.2541(d) interferes with and is in direct conflict with High Point's rights under § 1926(b) and is therefore unconstitutional. Any action by the PUCT Defendants to release or remove portions of High Point's CCN would frustrate an important federal statutory scheme intended to promote rural development as codified in 7 U.S.C. § 1926 and to accomplish the congressional purposes of § 1926(b).[4]

---

[4] "This history indicates two congressional purposes behind § 1926: (1) to encourage rural water development by expanding the number of potential users of such systems, thereby decreasing the per-user cost, and (2) to safeguard the viability and financial security of such associations (*and FmHA's loans*) by protecting them from the expansion of nearby cities and towns." *City of Madison, Miss.*, 816 F.2d at 1060 (emphasis added).

37. Texas Water Code § 13.2541 upon which the Decertification Petition is based must be declared preempted, void, and unconstitutional because this statute is in direct conflict with the purposes and objectives of § 1926(b). As a result, the Commissioners and Gleeson have no authority to act upon the Petition for Expedited Release relative to High Point's territory or CCN, and the PUCT Defendants have no lawful right to grant the Decertification Petition pursuant to a preempted state statute.

## Count 3
## Injunctive Relief

38. High Point incorporates by reference all allegations in paragraphs 1–37 above.

39. High Point does not have a proper and adequate remedy at law and injunctive relief is a proper remedy for violation of § 1983, statutorily and at equity, as well as for violations of § 1926(b).

**Jury Demand – High Point demands a jury trial as to all issues triable by jury.**

## PRAYER

High Point prays the Court grant the following relief:

1. The Court enter a declaration that Tex. Water Code § 13.2541(d) on which the Decertification Petition relies is preempted to the same extent and in the same manner as described in *Crystal Clear*;

2. The Court enter a permanent prospective injunction against the PUCT Defendants from any further consideration, or granting relief under the Decertification Petition, and if any relief is granted by these Defendants, permanently enjoining these Defendants from any continuing or ongoing enforcement of any such order, or implementing action in furtherance of any release or further granting franchises to others to serve the territory referenced in the

Decertification Petition; and

3. The Court grant such other and additional relief to which High Point demonstrates it is entitled.

Respectfully submitted,

**ALLENSWORTH AND PORTER, L.L.P.**
303 Colorado Street, Suite 2800
Austin, Texas  78701
(512) 708-1250  Telephone
(512) 708-0519  Facsimile

By: */s/ Will W. Allensworth*
Will W. Allensworth
State Bar No. 24073843
wallensworth@allensworthlaw.com
Karly A. Houchin
State Bar No. 24096601
khouchin@allensworthlaw.com

**DOYLE HARRIS DAVIS & HAUGHEY**
Steven M. Harris, OBA #3913
Michael D. Davis, OBA #11282
Max Harris, OBA #22166
2419 East Skelly Drive
Tulsa, OK 74105
(918) 592-1276
(918) 592-4389 (fax)
steve.harris@1926blaw.com
mike.davis@1926blaw.com
max.harris@1926blaw.com

**THE LAW OFFICE OF JAMES W. WILSON**
James W. Wilson
State Bar No. 00791944
Maria Huynh
State Bar No. 24086968
103 W. Main Street
Allen, Texas 75013
(972) 727-9904

(972) 755-0904 (fax)
jwilson@jww-law.com
mhuynh@jww-law.com

***ATTORNEYS FOR PLAINTIFFS***